**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Charlotte Sullivan, | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-10691 |
| v. | : |
| Valentine & Kebartas, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Charlotte Sullivan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Charlotte Sullivan ("Plaintiff"), is an adult individual residing in El Dorado, Kansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Valentine & Kebartas, Inc. ("Valentine"), is a Massachusetts business entity with an address of 15 Union Street, Lawrence, Massachusetts 01840, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Valentine and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Valentine at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Verizon (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Valentine for collection, or Valentine was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Valentine Engages in Harassment and Abusive Tactics

12. Beginning in January, 2015, Valentine contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation taking place on January 22, 2015, Valentine failed to inform Plaintiff that it was a debt collector calling for the purpose of collecting the Debt, and that any information obtained would be used for the purpose of debt collection.

14. During the same conversation, Valentine stated that the call was in regards to a bill owed to the Creditor, Verizon. However, Valentine failed to identify its company name and

failed to inform Plaintiff that it was a debt collector. The omission of this information led Plaintiff to believe that she was being called by the Creditor.

15.     Furthermore, when called Valentine identified itself as the Creditor "Verizon Wireless."

16.     Valentine's failure to inform Plaintiff of her rights and failure to properly identify itself made Plaintiff feel as if she was being deliberately deceived.

### C. Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

29. The Defendants communicated by telephone without disclosure of their business name, in violation of 940 CMR § 7.04(1)(d).

30. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 6, 2015

                                      Respectfully submitted,

                                      By  /s/ Sergei Lemberg

                                      Sergei Lemberg (BBO# 650671)
                                      LEMBERG LAW, L.L.C.
                                      1100 Summer Street, 3rd Floor
                                      Stamford, CT 06905
                                      Telephone: (203) 653-2250
                                      Facsimile:  (203) 653-3424
                                      Attorneys for Plaintiff